UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ANGEL B. CASTILLO,
and other similarly-situated individuals,

    Plaintiff,

v.

B K WALLCOVERING, INC.,
and HORACIO SAENZ-VIDAL, individually

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANGEL B. CASTILLO and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants B K WALLCOVERING, INC., and HORACIO SAENZ-VIDAL, individually, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages, and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act")

2. Plaintiff ANGEL B. CASTILLO is a resident of Broward County, Florida within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant B K WALLCOVERING, INC. (hereinafter B K, or Defendant) is a Florida corporation, having its place of business in Coral Spring, Broward County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendant HORACIO SAENZ-VIDAL was and is now, the owner/partner/officer and manager of Defendant Corporation B K WALLCOVERING. Defendant HORACIO SAENZ-VIDAL is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ANGEL B. CASTILLO as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2018, (the "material time") without being properly compensated.

7. Defendant B K WALLCOVERING is a construction company providing commercial and residential general construction services. Defendant's business is located at 4907 NW 106 Avenue, Coral Spring, Florida 33076, where Plaintiff worked.

8. The Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL employed Plaintiff ANGEL B. CASTILLO, as a non-exempt, full time, hourly employee from approximately September 2012, to August 17, 2020, or almost 8 years. However, for FLSA purposes, de relevant employment period is 133 weeks.

9. Plaintiff was construction labor and he had general construction duties such as demolishing, painting, flooring, performing electrical and plumbing work, etc. Plaintiff was paid at the rate of $15.00 an hour.

10. During his time of employment with Defendants, Plaintiff regularly worked every month 2 weeks of 6 days, and 2 weeks of 7 days per week.

11. In weeks of 6 days, Plaintiff worked from Monday to Saturday from 8:00 AM to 8:00 PM (12 hours each day). Sometimes Plaintiff stayed working until 9:00 or 10:00 PM. Plaintiff worked a minimum of 72 hours every week. Plaintiff was unable to take bonafide lunch periods.

12. In weeks of 7 days, Plaintiff worked the same schedule, but on Sundays, he worked from 9:00 AM to 5:00 PM (8 hours). Plaintiff worked a minimum of 72 hours every week. Plaintiff was unable to take bonafide lunch periods.

13. Thus, while employed by Defendants Plaintiff worked 66 weeks of 72 working hours, and 67 weeks of 80 working hours.

14. Plaintiff worked regularly more than 40 hours every week, he was paid for all hours, but Defendants did not pay Plaintiff for overtime hours.

15. Plaintiff did not clock in and, but he worked under closed supervision of the owner of the business, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid with checks without any record or paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

18. Plaintiff was not in agreement with the lack of pay for overtime hours and he complained with the owner of the business HORACIO SAENZ-VIDAL.

19. Plaintiff also requested the owner of the business the payment of overtime wages on behalf of his co-workers, but HORACIO SAENZ-VIDAL stated that he was not going to pay overtime because all the employees were undocumented workers and that he was taking a risk hiring them.

20. On or about August 17, 2020 Plaintiff was fired after he complained and requested to be paid for overtime hours one more time.

21. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. After Defendants provide time and payment records, Plaintiff will amend his Statement of Claim to include any unpaid regular and overtime hours.

22. Plaintiff ANGEL B. CASTILLO seeks to recover unpaid half-time overtime hours, accumulated during all his time of employment, liquidated damages, retaliatory, and any other damages, as allowable by law.

23. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages,

or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff ANGEL B. CASTILLO re-adopts every pertinent and factual allegation, regarding him, as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff ANGEL B. CASTILLO and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer B K WALLCOVERING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants is a construction company that provides its services to companies engaged in interstate commerce like hotels. The Defendants have more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State

of Florida. Upon information and belief, the annual gross revenue of the Employer was always more than $500,000 per annum. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working for facilities engaged in interstate commerce, and by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

28. The Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL employed Plaintiff ANGEL B. CASTILLO, as a non-exempt, full time, hourly employee from approximately September 2012, to August 17, 2020, or almost 8 years. However, for FLSA purposes, de relevant employment period is 133 weeks.

29. Plaintiff was construction labor and he had general construction duties such as demolishing, painting, flooring, performing electrical and plumbing work, etc. Plaintiff was paid at the rate of $15.00 an hour.

30. During his time of employment with Defendants, Plaintiff regularly worked every month 2 weeks of 6 days, and 2 weeks of 7 days per week.

31. In weeks of 6 days, Plaintiff worked from Monday to Saturday from 8:00 AM to 8:00 PM (12 hours each day).  Sometimes Plaintiff stayed working until 9:00 or 10:00 PM.  Plaintiff worked a minimum of 72 hours every week. Plaintiff was unable to take bonafide lunch periods.

32. In weeks of 7 days, Plaintiff worked the same schedule, but on Sundays, he worked from 9:00 AM to 5:00 PM (8 hours). Plaintiff worked a minimum of 72 hours every week. Plaintiff was unable to take bonafide lunch periods.

33. Thus, while employed by Defendants Plaintiff worked 66 weeks of 72 working hours, and 67 weeks of 80 working hours.

34. Plaintiff worked regularly more than 40 hours every week, he was paid for all hours, but Defendants did not pay Plaintiff for overtime hours.

35. Plaintiff did not clock in and, but he worked under closed supervision of the owner of the business, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Plaintiff was paid with checks without any record or paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

38. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. After Defendants provide time and payment records, Plaintiff will amend his Statement of Claim accordingly.

39. The records, if any, concerning the number of hours worked by Plaintiff ANGEL B. CASTILLO, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

40. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

    Thirty-Five Thousand Nine Hundred Forty Dollars and 00/100 ($35,940.00)

    b. <u>Calculation of such wages</u>:

    Total Period of employment: More than 7 years
    Relevant weeks of employment: 133 weeks
    Regular rate: $15.00 an hour x 1.5= $22.50
    Overtime rate: $22.50 - $15.00 rate paid=$7.50 half-time overtime difference.

    **1.- <u>Half-time O/T for 66 weeks with 72 working hours</u>**

    Total Relevant weeks: 66
    Total hours worked: 72 hours weekly
    Regular rate: $15.00 an hour x 1.5= $22.50
    Overtime rate: $22.50 - $15.00 rate paid=$7.50 half-time overtime difference.
    Half-time: $7.50 an hour

    Half-time O/T $7.50 x 32 O/T hours=$240.00 weekly x 66 weeks=$15,840.00

    **2.- <u>Half-time O/T for 67 weeks with 80 working hours</u>**

    Total Relevant weeks: 67
    Total hours worked: 80 hours weekly
    Regular rate: $15.00 an hour x 1.5= $22.50
    Overtime rate: $22.50 - $15.00 rate paid=$7.50 half-time overtime difference.
    Half-time: $7.50 an hour

    Half-time O/T $7.50 x 40 O/T hours=$300.00 weekly x 67 weeks=$20,100.00

    Total #1, and #2: $35,940.00

    c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the unpaid half-time overtime compensation.

43. At all times, the Employers/Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL failed to comply with Title 29 U.S.C. §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40), as provided in said Act.

44. Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At the times mentioned, individual Defendants HORACIO SAENZ-VIDAL was the owner/partner/officer and manager of B K WALLCOVERING. Defendant HORACIO SAENZ-VIDAL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of B K WALLCOVERING concerning their employees, including Plaintiff and others similarly situated. Defendant HORACIO SAENZ-VIDAL had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

46. Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

47. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANGEL B. CASTILLO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ANGEL B. CASTILLO and other similarly situated individuals, and against the Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANGEL B. CASTILLO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

48. Plaintiff ANGEL B. CASTILLO re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

49. The employer B K WALLCOVERING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants is a construction company that provides its services to companies engaged in interstate commerce like hotels. The Defendants have more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always more than $500,000 per annum. Therefore, there is enterprise coverage.

50. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working for facilities engaged in interstate commerce, and by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

51. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. The Defendants B K WALLCOVERING and HORACIO SAENZ-VIDAL employed Plaintiff ANGEL B. CASTILLO, as a non-exempt, full time, hourly employee from approximately September 2012, to August 17, 2020, or almost 8 years. However, for FLSA purposes, de relevant employment period is 133 weeks.

55. Plaintiff was construction labor, and he was paid at the rate of $15.00 an hour.

56. During his time of employment with Defendants, Plaintiff regularly worked every month 2 weeks of 6 days, and 2 weeks of 7 days per week.

57. In weeks of 6 days, Plaintiff worked from Monday to Saturday from 8:00 AM to 8:00 PM (12 hours each day). Sometimes Plaintiff stayed working until 9:00 or 10:00 PM. Plaintiff worked a minimum of 72 hours every week.

58. In weeks of 7 days, Plaintiff worked the same schedule, but on Sundays, he worked from 9:00 AM to 5:00 PM (8 hours). Plaintiff worked a minimum of 72 hours every week.

59. Thus, while employed by Defendants Plaintiff worked 66 weeks of 72 working hours, and 67 weeks of 80 working hours.

60. Plaintiff worked regularly more than 40 hours every week, he was paid for all hours, but Defendants did not pay Plaintiff for overtime hours.

61. Plaintiff did not clock in and, but he worked under closed supervision of the owner of the business, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. Plaintiff was paid with checks without any record or paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

64. Plaintiff was never in agreement with the lack of overtime pay and with the retention of his tips. Plaintiff complained multiple times to the owner of the business.

65. Plaintiff also requested the owner of the business the payment of overtime wages on behalf of his co-workers, but HORACIO SAENZ-VIDAL stated that he was not going to pay overtime because all the employees were undocumented workers and that he was taking a risk hiring them.

66. On or about August 17, 2020, Plaintiff requested HORACIO SAENZ-VIDAL to be paid overtime wages the last time.

67. These complaints constituted protected activity under the FLSA.

68. On or about August 17, 2020 Plaintiff was fired by HORACIO SAENZ-VIDAL, after he complained and requested to be paid for overtime hours one more time.

69. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

70. There is closed proximity between Plaintiff's protected activity and his termination.

71. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages, and the reimbursement of tips unlawfully retained by the Defendants.  In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

72. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

73. Plaintiff ANGEL B. CASTILLO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANGEL B. CASTILLO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants B K WALLCOVERING, and HORACIO SAENZ-VIDAL that Plaintiff ANGEL B. CASTILLO recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants B K WALLCOVERING, and HORACIO SAENZ-VIDAL to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ANGEL B. CASTILLO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ANGEL B. CASTILLO demands trial by a jury of all issues triable as of right by a jury.

Dated: February 9, 2021

                                            Respectfully submitted,

                                            By:  **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            9100 S. Dadeland Blvd.
                                            Suite 1500
                                            Miami, FL 33156
                                            Telephone: (305) 446-1500
                                            Facsimile:  (305) 446-1502
                                            zep@thepalmalawgroup.com
                                            *Attorney for Plaintiff*